| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Law Office of Donald B Serafano<br>Donald B Serafano SBN169270<br>P.O. Box 3531<br>Huntington Beach, CA 92650<br>(949)929-6202<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*: | **FILED & ENTERED**<br><br>AUG 17 2017<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** sumlin    **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -**Los Angeles **DIVISION**

| In re:<br><br>Juan M Rivera<br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-16261-NB<br>CHAPTER:<br><br>**ORDER:**<br>☒ **GRANTING MOTION TO COMMENCE LOAN MODIFICATION MANAGEMENT PROGRAM**<br><br>☐ **DENYING MOTION TO COMMENCE LOAN MODIFICATION MANAGEMENT PROGRAM**<br><br>[No Hearing Required] |

On (*date*) August 15, 2017, the debtor(s) filed the *Motion to Commence Loan Modification Management Program* (Docket #42) (the "Motion") and served a copy of the Notice of Motion and the Motion on required parties using the method(s) identified on the Proof of Service of the Notice of Motion.

Based upon the court's review of the Motion, it is ordered that:

    a.    ☐ The Motion is denied.

    b.    ☒ The Motion is granted, and it is further ordered that:

(1)	The following parties are directed to participate in the court's **Loan Modification Management Program (LMM)** in good faith.

    Debtor: <u>Juan M. Rivera</u>  ("Debtor(s)")

    Creditor: Ditech Financial LLC and Citi Mortgage ("Creditor")

(2)	<u>**(a) "Monthly Payments, and Modifying the Plan to Reflect Such Payments.  During the LMM Period,**</u> the Debtor(s) shall make (or cause to be made) adequate protection payments in the amount of $300.00_per month to the Creditor or the Creditor's designee, until such dollar amount is superseded by a trial loan modification amount, or a final loan modification amount.  Unless otherwise ordered, and notwithstanding any provisions of the LMM Procedures that could be interpreted to the contrary, the foregoing monthly adequate protection or loan modification payments (the "Monthly LMM Payments") (a) are in lieu of (not in addition to) any monthly payments to the Creditor specified in any proposed or confirmed plan and (b) the Monthly LMM Payments will be paid directly to the Creditor.  To implement these requirements, the following procedure is adopted.
    <u>**(b)  Within 14 days (a) from the entry of this order and also (b) from any subsequent change in the Monthly LMM Payments,**</u> the Debtor must file and serve appropriate papers to revise any plan to reflect the Monthly LMM Payments and to delete any duplicative payments.  For example, if the Monthly LMM Payment supersedes regular monthly payments and if any arrears will be forgiven or added to principal, then the Debtor must file and serve papers that reflect those changes: (i) pre-confirmation, the debtor will need to file and serve an amended proposed chapter 13 plan and notice pursuant to the usual procedures; (ii) post-confirmation the debtor will need to file a motion to modify the confirmed plan; and (iii) in either situation the debtor will need to file a Declaration of Current/Postpetition Income and Expenses to reflect the new Monthly LMM Payment.  Failure of the Debtor to file such papers may result in the chapter 13 trustee making excess or duplicative payments to the Creditor, or other adverse consequences."

(3)	*Within 7 days from the entry of this order*, the Creditor and the Creditor's California counsel (if any) shall register on the Portal (if not previously registered) and the Creditor shall provide the Creditor's most current Initial LMM Package to the Program Manager.

(4)	*Within 7 days from the entry of this order or the Creditor's registration on the Portal, whichever is later*, the Debtor(s) shall: (i) upload to the Portal, Debtor's Initial LMM Package; (ii) upload to the Portal a copy of this LMM Order; (iii) pay to the Portal vendor, the $40.00 Portal fee; and (iv) pay $300.00 directly to the Program Manager (representing one half of the Program Manager fee).

(5)	*Within 7 days after the Debtor(s) submits Debtor's completed Initial LMM Package to Creditor on the Portal*, the Creditor shall: (i) acknowledge receipt of Debtor's completed Initial LMM Package on the Portal; (ii) designate its single point of contact and outside legal counsel (if any) on the Portal; and (3) pay $300.00 directly to the Program Manager (representing one half of the Program Manager fee).

(6)	*During the LMM Period,* the Creditor shall promptly review the Debtor's Initial LMM Package to determine the Debtor's eligibility for any loss mitigation options which may be available to the Debtor(s).  In the event that the Creditor shall require additional (or corrected) documentation, the Creditor shall promptly notify the Debtor(s) through the Portal of such requirements and promptly respond to the Debtor's submissions thereof as well as any inquiries made by the Debtor(s).

(7)	*During the LMM Period,* upon the request of the Creditor through the Portal, the Debtor(s) shall promptly provide any additional documents requested by the Creditor or the Program Manager and/or answer any questions.

(8)	*Within 60 days after the Debtor(s) submitted the Initial LMM Package to the Creditor on the Portal*, the Debtor(s), on notice to Creditor, shall file and serve a LMM Status Report with an attached printout of the current and complete account history from the Portal. The LMM Status Report shall be completed on the Portal in accordance with the instructions provided thereon.

(9)	*120 days from the entry of this order,* the LMM Period shall terminate unless extended.

(10)	*Within 7 days of the termination of the LMM Period*, the Debtor(s), on notice to Creditor, shall file and serve an LMM Final Report with an attached printout of the current and complete account history from the Portal.  The LMM Final Report shall be completed in accordance with the instructions provided in the Portal.

(11)     The Debtor(s) shall *immediately* serve a copy of this order on the Creditor and file a certificate of service evidencing same.

(12)     **During the LMM Period**, unless otherwise permitted by the court, all material communications related to the Loan Modification Management Program shall be conducted exclusively through the Portal.

(13)     **During the LMM Period,** on behalf of each participating party, a person with complete knowledge of the file so as to be reasonably capable of answering questions posed by the court related to the LMM shall attend all LMM-related hearings and conferences before the court. That person may be the party's attorney, but only if that attorney has complete knowledge of the file.

(14)     The automatic stay as provided for under 11 U.S.C. § 362(a) shall be modified to the extent necessary to facilitate the LMM Program as more particularly provided in the Loan Modification Management Program Procedures.

###

Date: August 17, 2017

Neil W. Bason
United States Bankruptcy Judge